UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X    Case No.: 1:23-cv-01631
CYNTHIA MOON,

                              Plaintiff,                         AMENDED COMPLAINT

   -against-

ARCHWAY LOGISTICS LLC, and JOSHUA         PLAINTIFF DEMANDS
OLATUNDE, *Individually*,                                        A TRIAL BY JURY

                              Defendants.
-------------------------------------------------------------------X

Plaintiff, CYNTHIA MOON, by her attorneys, PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC, hereby complains of Defendants upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*.; and the New York State Human Rights Law ("NYSHRL"), New York State Executive Law § 296, *et seq*. Plaintiff seeks damages to redress the injuries Plaintiff has suffered as a result of being retaliated against and terminated by Defendants solely for reporting sex harassment.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3. This Court has supplemental jurisdiction over Plaintiff's claims brought under state law pursuant to 28 U.S.C. § 1367.

1

4. Venue is proper in this district pursuant to 42 U.S.C. § 2000e-5(f)(3), as the aforementioned statute allows such actions "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed…"

5. Plaintiff alleges the unlawful employment practices were committed in New York State and is allowed to bring her claim in any judicial district in New York State.

6. Therefore, the Eastern District of New York is a proper Venue.

## PROCEDURAL PREREQUISITES

7. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff received a Notice of Right to Sue ("Notice") from the EEOC, dated January 31, 2023 with respect to the herein charges of retaliation. A copy of the Notice is annexed hereto as **Exhibit A**.

9. This Action is being commenced within ninety (90) days of receipt of said Notice.

## PARTIES

10. At all times material, Plaintiff was a resident of Onondaga County, New York.

11. At all times material, Defendant ARCHWAY LOGISTICS LLC ("ARCHWAY") was a domestic limited liability company operating in, and existing under, the laws of the State of New York, with its primary offices located at 990 Atlantic Avenue, Floor 2, Crown Heights, NY, 11238.

12. At all times material, Defendant ARCHWAY had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

13. At all times material, Plaintiff was an employee of Defendant ARCHWAY.

14. At all times material, Defendant ARCHWAY was Plaintiff's employer under Title VII.

15. At all times material, Defendant ARCHWAY was Plaintiff's employer under the NYSHRL.

16. At all times material, Defendant JOSHUA OLATUNDE (hereinafter "OLATUNDE") is and was the owner of Defendant ARCHWAY.

17. At all times material, Defendant OLATUNDE was Plaintiff's supervisor and had supervisory authority over Plaintiff.

18. At all times material, Defendant OLATUNDE had the power to hire, fire and/or directly affect the terms and conditions of Plaintiff's employment. Defendant OLATUNDE had the power to direct Plaintiff's daily work activities.

19. At all times material, Defendant OLATUNDE was Plaintiff's employer under the NYSHRL.

20. Defendant ARCHWAY is at times referred to in this Complaint as the "Corporate Defendant."

21. Defendant ARCHWAY, and Defendant OLATUNDE are sometimes collectively referred to as "Defendants."

22. At all times material, all parties mentioned herein worked for and/or continue to be employed by Defendants.

## MATERIAL FACTS

23. On or about October 12, 2021, Plaintiff began working for Defendant ARCHWAY as an Amazon delivery service provider out of the facility located at 6834 Kirkville Road, East Syracuse, NY 13057 (the "Location").

24. Plaintiff worked as a driver, and she was responsible for driving a truck and delivering packages to customers.

25. Plaintiff earned approximately $21.50 per hour and worked approximately 40 hours per week, which totaled approximately $860 per week (or approximately $44,720 per year).

26. Plaintiff did not receive regular performance evaluations.

27. On January 4, 2022, while completing her route, Plaintiff attempted a delivery to a customer, "Younis," located at the Oswego Inn and Suites (180 East 10th Street, Oswego, NY 13126).

28. After Plaintiff delivered the package to Younis, he repeatedly asked Plaintiff to stay for a chat, asked for her number, asked her how much money she made, and asked if she wanted to stay with him at the hotel.

29. Plaintiff understood Younis's comments to constitute sexual advances. She was made extremely uncomfortable by Younis's repeated requests for her phone number and to "stay" with him in the hotel. Plaintiff provided the customer with a fake number in an attempt to escape the situation.

30. At approximately 8:30 PM, Plaintiff returned to the Location and informed "Jimenez" (last name unknown), her dispatcher, that she was sexually harassed by a customer.

31. At around 11:30 PM, approximately three hours after Plaintiff complained of sexual harassment, Plaintiff was informed that she was removed from the schedule for the next day and would not be working.

32. On or about January 5, 2022 at approximately 2:30 PM, Plaintiff was informed that she would be removed from the schedule for the following day.

33. On or about January 6, 2022, Plaintiff texted Defendant OLATUNDE, the owner of Defendant ARCHWAY and Plaintiff's supervisor, to complain of the sexual harassment she endured on January 4, 2022, and inquire why she had not been provided any work.

4

34. Defendant OLATUNDE responded that he was unaware that Plaintiff was sexually harassed by a customer.

35. Plaintiff then asked Defendant OLATUNDE if she could speak to someone in the Human Resources Department concerning the sexual harassment she endured to ensure this situation does not happen again.

36. Defendant OLATUNDE responded, "[Y]es but you're [Defendant] ARCHWAY's first harassment claim."

37. Between January 6th, 2022 and January 14, 2022, Plaintiff was only provided with routes on two days. Additionally, Plaintiff's check was reduced because, in sum and substance, "[Plaintiff] didn't work four days" in the work week.

38. After Plaintiff complained, she was only allowed to drive vans which had malfunctions including, but not limited to, a cracked windshield.

39. On or about January 10, 2022, Plaintiff informed Ted Lacelle, Plaintiff's manager and the head dispatcher, of the events that occurred on January 4, 2022.

40. On or about January 14, 2022, Plaintiff texted Defendant OLATUNDE to inform him that the Human Resources Department did not reach out to her or provide her with any contact information.

41. Defendant OLATUNDE did not respond to Plaintiff's text on January 14, 2022.

42. Subsequently, Plaintiff would be provided with approximately one or two days of work per week and often even those minimal assignments would be cancelled.

43. Defendant OLATUNDE would avoid Plaintiff and would walk in the opposite direction from her to evade Plaintiff's complaints as well as her requests to speak with Human Resources.

44. On or about January 28, 2022, Mr. Lacelle informed Plaintiff that she had a bad performance review and would need to be retrained because of her poor driving score. Plaintiff's driving score had decreased because she was forced to drive vans with malfunctions.

45. Plaintiff was unable to increase her driving score because she was provided with an insignificant amount of work, if any.

46. On or about February 1, 2022, Mr. Lacelle informed Plaintiff that she would be placed on a final warning due to performance issues.

47. On or about February 2, 2022, Plaintiff was terminated by Mr. Lacelle because her driver score had not increased. Plaintiff stated, in sum and substance "you know the only reason I'm here," to which Mr. Lacelle responded, in sum and substance, "yes but there's nothing I could do."

48. Plaintiff never received a negative evaluation or demerits concerning her job performance.

49. On or about February 2, 2022, Plaintiff submitted a complaint to the New York State Division of Human Rights regarding her termination by Defendant ARCHWAY.

50. On or about July 26, 2022, the New York State Division of Human Rights released their Final Investigation Report and Basis of Determination, which determined that there was probable cause to support the allegations of her complaint.

51. Plaintiff was repulsed, offended, disturbed, humiliated, and disgusted by this blatantly unlawful and retaliatory termination.

52. Defendants retaliated against Plaintiff because Plaintiff complained about how a customer sexually harassed her and tried to speak with Human Resources.

53. The above are just some of the ways Defendants retaliated against Plaintiff while she was employed by Defendants.

54. Defendants treated Plaintiff this way solely due to Plaintiff's complaint of sexual harassment.

55. Defendants acted intentionally and intended to harm Plaintiff.

56. Defendants unlawfully retaliated against, humiliated, degraded, and belittled Plaintiff. As a result, Plaintiff suffers a loss of rights, emotional distress, and a loss of income.

57. Plaintiff's performance was, upon information and belief, above average and satisfactory while working for Defendants.

58. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, the loss of a salary, loss of bonus, loss of benefits, other compensation which such employment entails, special damages, and great inconvenience.

59. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

60. Defendants acted maliciously, willfully, outrageously, and with full knowledge of the law.

61. As such, Plaintiff demands punitive damages.

**First Cause of Action for Retaliation**
**Under Title VII**
**(Against Corporate Defendant)**

62. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

63. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a) provides, in pertinent part, that it shall be unlawful employment practice for an employer:

> (1) to… discriminate against any of his employees…because he has opposed any practice made by an unlawful employment practice

> by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

64. Defendant ARCHWAY violated the sections cited herein as set forth.

65. Plaintiff is entitled to the maximum amount allowed under this statute.

## Second Cause of Action for Retaliation
## Under New York State Executive Law
## (Against All Defendants)

66. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

67. New York State Executive Law § 296(7) provides that:

> It shall be an unlawful discriminatory practice:
> (e) For any employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article.

68. Defendants violated the sections cited herein as set forth.

69. Plaintiff is entitled to the maximum amount allowed under this statute.

## Third Cause of Action for Aiding and Abetting
## Under the New York State Executive Law
## (Against Defendant OLATUNDE)

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. New York State Executive Law § 296(6) provides in pertinent part, that it shall be an unlawful discriminatory practice "…for any person to aid, abet, incite, compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

72. Defendant OLATUNDE violated the statute cited herein as set forth.

73. Plaintiff is entitled to the maximum amount allowed under this statute.

8

## JURY DEMAND

74. Plaintiff requests a jury trial on all issues to be tried.

   **WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

   A. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*; and the New York State Human Rights Law, New York State Executive Law § 296, *et seq.*, in that Defendants <u>retaliated against</u> Plaintiff for complaining of sexual harassment and <u>wrongfully terminated</u> Plaintiff;

   B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and conduct and to otherwise make Plaintiff whole for any losses suffered because of such unlawful employment practices;

   C. Awarding Plaintiff compensatory damages for mental and emotional injury, distress, pain, suffering, and injury to Plaintiff's reputation in an amount to be proven;

   D. Awarding Plaintiff punitive damages;

   E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

   F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy Defendants' unlawful employment practices.

Dated: May 19, 2023
      New York, New York

                                           **PHILLIPS & ASSOCIATES,**
                                           **ATTORNEYS AT LAW, PLLC**

By:   *Steven Fingerhut*
        Steven Fingerhut
        *Attorneys for Plaintiff*
        45 Broadway, Suite 430
        New York, New York 10006
        (212) 248-7431
        sfingerhut@tpglaws.com